RAFKIN ESQ., PLLC
SETH A. RAFKIN (199166)
(srafkin@rafkinesq.com)
JENNIFER M. BOGUE (259431)
(jbogue@rafkinesq.com)
1201 SUSSEX TURNPIKE, SUITE 102
RANDOLPH, NJ 07869
Telephone: (973) 891-3370
Facsimile: (973) 920-9727

Attorneys for PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LOITMAN,<br>Plaintiff,<br>v.<br>EVOLUTION METALS, LLC, DAVID WILCOX, AND DOES 1-10<br>Defendants. | Case No.: **2:25-cv-02203-MEMF-AJR**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM ORDER OF DISMISSAL AND TO REINSTATE COMPLAINT** |

## I. INTRODUCTION

Plaintiff respectfully seeks relief from the Court's May 27, 2025 Order dismissing this action without prejudice for failure to file a timely opposition to Defendant's Motion to Dismiss. (ECF 19.) The failure to timely oppose was due to counsel's error in calendaring pursuant to Local Rule 7-9 rather than the Court's Standing Order provisions regarding the timing of motion briefs and thus constitutes excusable neglect under Federal Rule of Civil Procedure 60(b)(1). Plaintiff requests that the Court set aside the dismissal, reinstate Plaintiff's Complaint, and permit Plaintiff to file his opposition within a reasonable time.

This motion is filed after conferring with and seeking consent from opposing counsel. Counsel declined to consent to the relief sought. Undersigned counsel was somewhat surprised as we had granted opposing counsel's request for a three-week extension to file their motion to dismiss, a request that did not come until four days before their response to the complaint would otherwise have been due. Declaration of Jennifer Bogue, submitted herewith, ¶ 5.

In any event, inasmuch as the factors for the relief sought are met, we ask that the Court grant the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) allows relief from an order for "mistake, inadvertence, surprise, or excusable neglect." The Ninth Circuit uses a flexible, equitable standard considering:

- Danger of prejudice to the opposing party,
- Length of delay and potential impact on proceedings,
- Reason for delay, and
- Good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

Rule 60(b)(1) "guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *Harvest v. Castro*, 531 F.3d 737, 747–48 (9th Cir. 2008) (internal quotation marks, citations, and brackets omitted). Because of this balance, "nearly all of the cases in which relief has been granted under the excusable neglect standard involve situations in which a party was prevented from obtaining an adjudication on the merits." *Id.*; *see, e.g.*, *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1110–12 (9th Cir. 2011) (default judgment); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (failure to file a timely

summary judgment opposition); *Pincay v. Andrews*, 389 F.3d 853, 859–60 (9th Cir. 2004) (failure to file a timely notice of appeal).

Whether to grant a Rule 60 motion falls within "the sound discretion of the district court." *Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

## III. ARGUMENT

Plaintiff respectfully requests that the Court find counsel's calendaring error to be excusable neglect given that the *Pioneer* factors favor granting this Motion.

Plaintiff's failure to file a timely opposition was the result of a good faith calendaring oversight, not willful disregard. Declaration of Jennifer Bogue, ¶¶ 2-3. Counsel mistakenly calendared the Opposition due date pursuant to L-R 7-9, rather than the Court's Standing Order. Counsel had reviewed the Standing Order as directed by the Court but inadvertently did not recall its provisions with respect to the timing of motion briefs.[1] *Id.*

Courts have repeatedly recognized good faith calendaring errors as excusable neglect. *Marsh v. Zaazoom Sols., LLC,* 2014 WL 4793034, at *3 (N.D. Cal. Sept. 25, 2014) ("The Ninth Circuit has made clear that omissions resulting from "negligence" or "carelessness" may be excusable in certain circumstances."); *see also Ahanchian*, 624 F.3d at 1262 (upholding a calendaring mistake caused by the failure to apply a local rule as excusable neglect); *Pincay*, 389 F.3d at 859–60 (upholding the district court's excusable neglect finding where attorney did not apply local rule); *Bateman*, 231 F.3d at 1222–25 (finding excusable neglect where an attorney missed a filing deadline while he was out of the country because of a family emergency and did not contact the district court until 16 days after his return due to "jet lag and the time it took to sort through the mail").

Further, the length of delay is short and its impact on proceedings minimal. We are still at the outset of the case. The Court alerted counsel to the error almost immediately, and Plaintiff

[1] Undersigned counsel wishes to make clear that it was his responsibility to ensure proper calendaring. Although as stated in her declaration, Ms. Bogue actually calendared the date, undersigned counsel is lead trial counsel and had also previously reviewed but failed to recall the Court's Standing Order provisions with respect to the timing of motion briefs. Undersigned understands that he bears ultimate responsibility and asks that the Court and opposing counsel accept our apology.

promptly brought this motion after meeting and conferring with Defendant. Bogue, Decl., ¶¶ 4-5. If the Court reinstates the Motion to Dismiss and allows Plaintiff to oppose, the impact on proceedings will be negligible. On the contrary, requiring Plaintiff to refile his Complaint will restart all deadlines in this matter and cause additional delay.

Finally, there is no prejudice to Defendants. "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). This is particularly true where Defendants requested from undersigned counsel and were granted a three-week extension of time to respond to the complaint in order to file their motion to dismiss. Bogue Decl. ¶ 5. In other words, if Defendants believed it was reasonable to seek a three-week delay in responding to their complaint, they can hardly claim to be prejudiced by the delay caused by undersigned's calendaring error. Moreover, Plaintiff can refile the case if necessary, so Defendants will suffer no harm from the granting of this Motion. *See e.g., TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir.2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.") (Overruled on other grounds).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court find excusable neglect pursuant to FRCP 60(b)(1), reinstate Plaintiff's Complaint, reset the Motion to Dismiss, and order a date by which Plaintiff is to file his Opposition to the Motion to Dismiss.

Executed this 30th day of May 2025.

By: [signature]

SETH A. RAFKIN (199166)
(srafkin@rafkinesq.com)
JENNIFER M. BOGUE (259431)
(jbogue@rafkinesq.com)
**RAFKIN ESQ., PLLC**
1201 SUSSEX TURNPIKE, SUITE 102
RANDOLPH, NJ 07869
Telephone: (973) 891-3370
Facsimile: (973) 920-9727

*Attorneys for Plaintiff*