UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-cv-02203-MEMF-AJR                                          Date: August 21, 2025

Title   *Robert Loitman v. Evolution Metals LLC et al*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order GRANTING Motion for Relief [ECF 20] from Order Granting Motion to Dismiss [ECF 19]**

Before the Court is the Motion for Relief from Order Granting Motion to Dismiss filed by Plaintiff Robert Loitman ("Loitman"). ECF No. 20 ("Motion" or "Mot."). For the reasons stated below, the Court GRANTS the Motion.

**Background**

On March 12, 2025, Loitman filed suit against Defendants Evolution Metals LLC, David Wilcox, and Does 1–10 ("Defendants"). ECF No. 1.

On April 16, 2025, the Court issued an order to the parties, referring them to the Court's Civil Standing Order found on the Court's website and under the Court's Procedures and Schedules. ECF No. 12. The Court ordered the parties to "maintain familiarity with the Standing Order and any future amendments that the Court may issue by periodically checking the Court's website for the operative version of the Standing Order." *Id.*

On May 5, 2025, Defendants filed a Motion to Dismiss. ECF No. 13. Loitman did not file an opposition or a notice of non-opposition as of May 23, 2025.

On May 27, 2025, the Court granted the Motion to Dismiss and dismissed the case without prejudice. ECF No. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02203-MEMF-AJR                                                  Date: August 21, 2025

Title        Robert Loitman v. Evolution Metals LLC et al


On May 30, 2025, Loitman filed the instant Motion. *See* Mot. Defendants filed an Opposition on June 13, 2025. ECF No. 21 ("Opposition" or "Opp'n"). Loitman filed a Reply on June 20, 2025. ECF No. 22 ("Reply").

**Applicable Law**

Under Local Rule 7-12, "[a] Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. C.D. Cal. L.R. 7-12. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." *Id*.

The Court's operative Civil Standing Order orders the parties that "all Motions must be filed in accordance with the following modified briefing schedule . . . . Opposition: Must be filed no later than fourteen (14) days after the filing of the initial Motion." Civil Standing Order § VIII.B.[1]

Rule 60(b)(1) of the Federal Rules of Civil Procedure states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The determination of excusable neglect is an equitable one. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). To determine whether a case of neglect is excusable, a Court must look at the four *Pioneer* factors: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id*. In addition, the weighing of the *Pioneer* factors is left to the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

**Discussion**

---

[1] The Court's operative Civil Standing Order may be found at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02203-MEMF-AJR                                                    Date: August 21, 2025

Title   *Robert Loitman v. Evolution Metals LLC et al*

<u>Danger of prejudice to the other side weighs in Loitman's favor.</u>

Loitman argues that there would be no prejudice to Defendants because the only effect is a delay in the case. Mot. at 4. Loitman contends that a delay should not be a problem because if a delay was harmful to Defendants, they would not have asked for a three-week extension to respond to Loitman's Complaint in order to file their Motion to Dismiss. *Id*.; ECF No. 10. Defendants respond that granting the Motion would "undermine the integrity of this Court's orders" and the Ninth Circuit's policies about deadlines. Opp'n at 10. Defendants also assert the three-week extension argument Loitman raised is irrelevant because the extension was requested so that the two Defendants could have the same response deadline, and they argue that the extension actually promoted efficiency and judicial economy. *Id*. Finally, Defendants argue that Loitman's failure to attach the letter of intent ("LOI") is evidence of prejudice because the "LOI expressly disclaims any binding force." *Id*. at 12. Loitman responds that there is no prejudice to Defendants other than a delayed resolution of the case or an unmerited victory for them. Reply at 6. Additionally, Loitman argues that prejudice to the Court is not relevant to the fourth *Pioneer* factor because it requires prejudice to *the other party*, not the Court. *Id*. at 6–7. Finally, Loitman argues that the LOI is not evidence of prejudice because it does not relate to the Motion, and that it can easily be cured. *Id*. at 7.

The Court finds that there is no prejudice to Defendants. A delay in the proceedings of the case is not enough of a prejudice to justify denying a motion for relief. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (finding that losing a quick victory or a delay is not sufficient to deny a Rule 60(b)(1) motion). The Court also does not find the argument about prejudice to the court persuasive, since the *Pioneer* factor clearly states that the factor is "prejudice to the debtor." *See Pioneer*, 507 U.S. at 395. Finally, the Court does not find the LOI argument to be relevant to how *this* Motion will cause prejudice to the other side.

Since the only effect on the case in granting this Motion would be a slight delay in proceedings, the Court finds that there is no prejudice to Defendants.

<u>The length of the delay and the potential impact on proceedings weighs in Loitman's favor.</u>

Loitman argues that the length of the delay is short and has minimal impact on proceedings because the case is still in its early stages. Mot. at 3. Loitman asserts that once the Court had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02203-MEMF-AJR                                  Date: August 21, 2025

Title   *Robert Loitman v. Evolution Metals LLC et al*

informed them of the missed deadline, Loitman met and conferred with Defendants and filed the Motion three days later. *Id*. Loitman contends that reinstating the Motion to Dismiss and allowing him to oppose would not impact the case, whereas requiring Loitman to refile his Complaint would restart all deadlines and cause more delay. *Id*. at 4. Defendants respond that the issue is not how many days had passed, but how those days were used in that there was still no draft opposition filed. Opp'n at 14. Loitman maintains that the good faith calendaring error has a short delay and minimal impact on proceedings. Reply at 6.

The Court finds that the delay was short and had minimal impact on proceedings. After being informed by the Court of the dismissal, Loitman met and conferred with opposing counsel and filed the instant Motion three days later. ECF No. 20-2 ¶¶ 5, 6. The case law supports a finding of three-day delay being short and having minimal impact on proceedings. *See Bateman*, 231 F.3d at 1225 (holding that a one-month delay in filing a motion for relief, after plaintiff's request to rescind summary judgement was denied, was a minimal length of delay and had minimal impact on proceedings); *Pincay*, 389 F.3d at 855 (finding that a delay in filing a motion for relief, where the delay was under the thirty-day grace period for appeal, was small); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (holding that a delay of three days was minimal and would not have adversely affected the summary judgement hearing date or trial). In contrast, the Court finds that there is no support in the case law for Defendants' argument that this Court should consider not how many days passed, but how those days were used.

Because the delay was only three days and the case is still at its outset, the Court finds that the delay was short and had minimal impact on proceedings.

<u>The reason for the delay weighs in Loitman's favor.</u>

Loitman argues that a good faith calendar oversight constitutes excusable neglect, and that the Ninth Circuit has previously ruled that to be the case. Mot. at 3. Defendants respond that the reason for delay *Pioneer* factor is the most important one to consider. Opp'n at 5. Defendants argue that Loitman did not try to prove that the failure to comply with the standing order was due to reasons outside of his control or due to exceptional circumstances. *Id*. at 5–6. Defendants cite *Engleson* to argue that ignorance and carelessness are not grounds for relief under Rule 60(b)(1). *See Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). Loitman counters that the reason for delay *Pioneer* factor is not the most important to consider, and that all factors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02203-MEMF-AJR                                   Date: August 21, 2025

Title   *Robert Loitman v. Evolution Metals LLC et al*

should be equally weighed. Reply at 1. Additionally, Loitman argues that the case law does not require extraordinary circumstances or for the movant to prove that the delay was due to reasons outside of their control. *Id*. at 1–2. Loitman further asserts that Defendants' reliance on *Engleson* is misplaced because *Pioneer* was decided after *Engleson*. *Id*. at 4. Finally, Loitman argues that there is no per se rule establishing that calendaring mistakes do not constitute excusable neglect. *Id*. at 3.

The Court finds that the reason for delay here constitutes excusable neglect. First, Defendants' contention that carelessness and ignorance are not excusable neglect is unavailing. The Supreme Court, in defining "excusable neglect," relied on Congress' interpretation and stated that "the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. For the same reason, the case law does not require that the circumstances be solely out of the movant's control, since "mistake" or "carelessness" is already encompassed as excusable neglect. *Id*. Nowhere in the case law are "extraordinary circumstances" required in order to be granted Rule 60(b)(1) relief. Furthermore, there is no one factor that is given more weight than the other factors. It is up to the discretion of the Court to weigh each factor in an equitable manner. *See Pincay*, 389 F.3d at 860 ("[W]e leave the weighing of *Pioneer's* equitable factors to the discretion of the district court in every case"). Finally, courts in this circuit have previously found calendaring mistakes as constituting excusable neglect, although not a strong justification for delay. *See Ahanchian*, 624 F.3d at 1262 (finding excusable neglect where movant committed a calendaring mistake by failing to apply a local rule); *Pincay*, 389 F.3d at 859–60 (affirming district court's ruling of excusable neglect where the movant did not apply the local rule); *Bateman*, 231 F.3d at 1222–25 (finding excusable neglect where movant missed a filing deadline due to being out of the country and did not follow up with the district court until sixteen days after his return with the defense of jet lag and mail pileup).

Overall, the Court finds that a good faith calendaring mistake constitutes excusable neglect.

<u>Whether the movant acted in good faith weighs in Loitman's favor.</u>

Loitman argues that the failure to file a timely opposition was not willful disregard, but a good faith calendar oversight. Mot. at 3. Loitman states that counsel mistakenly calendared the due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-02203-MEMF-AJR                                              Date: August 21, 2025

Title    *Robert Loitman v. Evolution Metals LLC et al*

date according to Local Rule 7-9 instead of the Court's Standing Order. *Id*. Defendants argue that there should be no finding of good faith because they claim that Loitman did not "implement any reasonable mechanism" of calendaring to comply with the deadlines. Opp'n at 12. Defendants also cite as evidence the fact that Loitman "has shown a pattern of procedural disregard," such as forgetting to file a civil cover sheet and not filing the LOI, and that this should be taken against a finding of good faith because they claim that the latter was a willful omission. *Id*. at 13. Loitman argues that good faith simply means that the error was not for some ill purpose and has nothing to do with the type of calendaring system used. Reply at 6. Additionally, Loitman contends that he has been gracious with Defendants in allowing them extensions. *Id*.

The Court finds that there is no evidence of bad faith, as Loitman appears to have mistaken the Local Rule 7-9 rule with the Court's Standing Order and the type of calendaring system used is not indicative in this case of an ill purpose. *See Bateman*, 231 F.3d at 1225 ("But there is no evidence that he acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness.").

Overall, all four *Pioneer* factors weigh in Loitman's favor and a finding of excusable neglect. There is (1) little to no prejudice to the other side; (2) the length of the delay was only three days and had minimal impact on proceedings; (3) a calendaring mistake, while not a strong reason in favor of excusable neglect, has been found to be excusable in this circuit; and (4) Loitman acted in good faith without any ill purpose or intent.

The Court, however, emphasizes that it is the parties' responsibility to maintain familiarity with the Court's operative Civil Standing Order. The parties' failure to comply with the Court's orders may result, without further warning, granting or denying of future filings, as well dismissal of the action. Accordingly, the Court encourages the parties to frequently check the Court's website for any updates to the Civil Standing Order and the District's Local Rules.

At the hearing, Plaintiff stipulated to pay the reasonable attorneys fees and costs of Defendant. According to F. R. Civ. P. 16(f), a Court is allowed to, on motion or on its own, order a party and/or their attorney to pay attorney's fees incurred because of noncompliance with a scheduling order. Fed. R. Civ. P. 16; *see Olympic Coast Inv., Inc. v. Seipel*, 210 F. App'x 595, 596 (9th Cir. 2006) ("If a party or party's attorney violates a scheduling order, the district court may impose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-02203-MEMF-AJR | Date: August 21, 2025 |
| Title   <u>Robert Loitman v. Evolution Metals LLC et al</u> | |

sanctions under Rule 16(f) directly against a party's attorney."); *Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993) (finding that attorney's fees were within the court's broad discretion to impose sanctions when those costs were unnecessarily incurred from opposing counsel's failure to comply with the court's order). Parties shall meet and confer to discuss and determine the appropriate amount of fees to be paid, and to the extent that there is a dispute regarding the amount, should file a joint report within 21 days of the issuance of this Order.

Also at the hearing, the Court ordered the parties to file their opposition and reply to Defendant's Motion to Dismiss. The Motion to Dismiss is now fully briefed. *See* ECF Nos. 25 (Opposition), 28 (Reply), 29 (Defendants' Objections), 30 (Plaintiff's Opposition to Objections). As such, the Court will hold a hearing on the Motion to Dismiss on October 2, 2025, at 10:00 a.m.

**Conclusion**

For the reasons stated above, the Court ORDERS as follows:

1. The Motion is GRANTED.
2. The parties are ORDERED to meet and confer to discuss the amount of attorney's fees to be paid and file a joint report within 21 days of this Order.
3. The hearing for Defendants' Motion to Dismiss will be heard on October 2, 2025, at 10:00 a.m.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | DBE |