

1   RAFKIN ESQ., PLLC
    SETH A. RAFKIN (199166)
2   (srafkin@rafkinesq.com)
    JENNIFER M. BOGUE (259431)
3   (jbogue@rafkinesq.com)
    1201 SUSSEX TURNPIKE, SUITE 102
4   RANDOLPH, NJ  07869
    Telephone:    (973) 891-3370
5   Facsimile:    (973) 920-9727

6   Attorneys for PLAINTIFF

7

                IN THE UNITED STATES DISTRICT COURT
8              FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
    ROBERT LOITMAN,                        Case No.:  **2:25-cv-02203-MEMF-AJR**
10
                        Plaintiff,
11          v.

12  EVOLUTION METALS, LLC,                 **PLAINTIFF'S SUPPLEMENTAL BRIEF IN**
                                           **OPPOSITION TO DEFENDANTS'**
13  DAVID WILCOX, AND DOES 1-10            **MOTION TO DISMISS**
                        Defendants.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
SUPP. MEMO. ISO OPPOSITION TO MOTION TO DISMISS

1    Pursuant to the Court's February 25, 2026 Order, Plaintiff hereby submits this Supplemental

2 Memorandum of Points and Authorities in support of its Opposition to Defendants' Motion to

3 Dismiss.

4    The basis for Plaintiff's Supplemental Brief is straightforward.   In their motion and reply

5 memoranda, Defendants rely heavily on the assertion that the merger between Defendant Evolution

6 Metals, LLC ("EM") and Welsbach Technology Metals Acquisition Corp. ("WTMA") had not yet

7 been completed.  Mot. (ECF 13) 9:16-20; 12:1-4, 17-24; 14:9-17; 16:1-16; 18:10-15; Reply (ECF

8 28) 4:3-11, 24-25, n. 3; 7:2-8; 9:2-7, 14-17.  From there, Defendants argue that the failure of this

9 condition means that Plaintiff cannot, as a matter of law, prove his claims.  *Id.*

10    The fact, however, is that the merger has been completed.  It was completed on January 5,

11 2026.  (*See* https://www.sec.gov/Archives/edgar/data/1866226/000121390026002600/ea0267117-

12 8k_evolution.htm.)[1]  Accordingly, a primary basis for Defendants' motion has been mooted.

13    To be sure, Plaintiff's Opposition demonstrates that the fact that the merger had not yet

14 actually closed did not operate to preclude any of his claims.  The merger had already been approved

15 by the shareholders on June 26, 2025 and was awaiting final completion.  Opp. (ECF 25) 3:22-25.

16 The fact, however, that the merger has now been completed substantially guts the arguments set

17 forth in Defendants' motion.

18

19    Accordingly, for the reasons set forth above and in Plaintiff's Opposition Memorandum

20 (ECF 25), the motion should be denied in its entirety and the case should be set for a scheduling

21 conference. Alternatively, Plaintiff should be permitted to amend his complaint.

22

23

24

25

26 [1] Plaintiff  requests the Court take judicial notice of the notice of shareholder approval of the
merger between EM and WTMA filed by WTMA with the Securities and Exchange Commission.
27 *In re CNET Networks, Inc*., 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) (A court may take judicial
notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a
claim upon which relief can be granted.").

28

SUPP. MEMO. ISO OPPOSITION TO MOTION TO DISMISS

1 | Executed this 6th day of March 2026.

2

3 | By: _Seth R_
    SETH A. RAFKIN (199166)
    (srafkin@rafkinesq.com)
4 |   JENNIFER M. BOGUE (259431)
    (jbogue@rafkinesq.com)
5 |   **RAFKIN ESQ., PLLC**
    1201 SUSSEX TURNPIKE, SUITE 102
6 |   RANDOLPH, NJ  07869
    Telephone:    (973) 891-3370
7 |   Facsimile:    (973) 920-9727

8 |   *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

SUPP. MEMO. ISO OPPOSITION TO MOTION TO DISMISS