DAVID D. PIPER, CASB No. 179889
dpiper@stradley.com
CONNOR M. TRAFTON, CASB No. 327197
ctrafton@stradley.com
STRADLEY RONON STEVENS & YOUNG LLP
1 World Trade Center, Suite 2050
Long Beach, California 90831
Telephone: (562) 366-1656
Facsimile: (562) 366-1646

Attorneys for Defendants
EVOLUTION METALS, LLC, and DAVID WILCOX

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT LOITMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>EVOLUTION METALS, LLC,<br>DAVID WILCOX, and DOES 1-10,<br><br>          Defendants. | Case No.: 2:25-cv-02203-MEMF-AJR<br><br>*Filed: March 12, 2025*<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Far from "substantially gut[ting]" Defendants' arguments in their Motion to Dismiss (ECF 13) and Reply (ECF 28), Plaintiff's supplemental briefing serves to emphasize the several ways in which he has failed to state a claim.

Regardless of the state of any merger between Evolution and Welsbach, Plaintiff cannot escape the LOI's explicit language that its terms were non-binding. No matter how many conditions precedent were satisfied (or not), the LOI disclaims any intention to legally bind the signatories. Rather, the LOI informed Plaintiff that "[t]his [letter] is not an employment agreement or employment contract" and "[t]he contemplated employment agreement is conditional upon the deSPAC closing" (ECF 25-2 at 2), plainly anticipating a potential future agreement to formalize the terms of Plaintiff's employment for the new entity at a later date. The non-binding nature of the LOI is fatal to all of Plaintiff's claims, and Plaintiff's focus on the conditions precedent in the non-binding LOI merely re-arranges the deck chairs on the Titanic. *See, e.g.*, *Rennick v. O.P.T.I.O.N. Care*, 77 F.3d 309, 314 (9th Cir. 1996) (holding that writing was not enforceable contract because it stated that it was "of no binding effect"); *Brezoczky v. Domtar Corp.*, 770 F. App'x 353, 354 (9th Cir. 2019) (holding that a letter of intent was not enforceable where the letter described itself as non-binding and "not intended to be … a binding commitment, agreement or contract").

But even if the LOI were binding, and even with the completion of the merger, Plaintiff fails to account for the fact that two other conditions precedent did not occur: 1) approval of his appointment as CFO of EM&T by the EM deSPAC investors; and 2) approval of his appointment by the EM&T PIPE investors. ECF 25-2 at 2; ECF 28 at 7. Through his supplemental filing, Plaintiff has only established the fulfillment of one of the several conditions precedent that ***all*** needed to be satisfied to open the possibility of his serving as CFO for EM&T – and this one condition was only met nearly a year after Plaintiff filed his Complaint.

Plaintiff's only argument for the satisfaction of the remaining two conditions –

approval by both groups of investors – is that this condition referred to approval of the *merger*, not approval of **Plaintiff** as EM&T's CFO. ECF 25 at 3. But this reading requires contorting the terms of the LOI. The LOI explicitly states:

> All of the above are subject to A.) your performance as CFO of EM; B.) agreement by the EM deSPAC investors and EM&T PIPE investors; and C.) the closing of the deSPAC merger. ECF 25-2 at 2.

The "agreement by the EM deSPAC investors and EM&T PIPE investors" requires that those who invested in the company agree to Plaintiff's appointment as CFO. The final condition in the LOI, "the closing of the deSPAC merger" obviously also requires investor approval. That the LOI, as Plaintiff argues, would supposedly separate the approval of the merger into two separate conditions – instead of the logical interpretation that the investors in a newly-created company would need to approve the incoming CFO – is the same kind of absurd language interpretation that Plaintiff himself argues is routinely rejected by the courts. ECF 25 at 12; *Brawner v. Wilson*, 126 Cal.App.2d 381, 384–85 (Cal. Ct. App. 1954).

Absent from Plaintiff's supplemental filing is any discussion of investor approval (by deSPAC investors, PIPE investors, or any other sort of investor) of Plaintiff as EM&T's CFO. Rather it confirms the opposite – investors approved Christopher Clower as CFO. Evolution Metals & Technologies Corp., Current Report (Form 8-K: Item 1.01, at 6 *Executive Officer Employment Agreements*) (January 5, 2026) (https://www.sec.gov/Archives/edgar/data/1866226/000121390026002600/ea0267117-8k_evolution.htm). By failing to allege investor approval in his Complaint, and then by confirming through his supplemental filing that someone else was approved for the same role instead, Plaintiff has shut the door on establishing the conditions precedent required for his causes of action.

Plaintiff's supplemental filing does not change the analysis of Defendants' Motion to Dismiss. It does not establish the satisfaction of **all** the conditions precedent such that

- 3 -

RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS

Defendants might have incurred any obligation to Plaintiff, nor does it convert the non-binding LOI into an enforceable contract. Because Plaintiff is unable to overcome the deficiencies of his claims, Defendants' Motion to Dismiss should be granted without leave to amend.

Respectfully submitted,

DATED: March 13, 2025

*/s/ David D. Piper*
DAVID D. PIPER
CONNOR M. TRAFTON
STRADLEY RONON STEVENS & YOUNG LLP
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I certify that on March 13, 2026, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

Executed on March 13, 2026, at Long Beach, California.

*Tiffany Harber*
Tiffany Harber