UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LOITMAN,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTION METALS, LLC, DAVID WILCOX, and DOES 1-10,<br><br>Defendants. | Case No.: 2:25-cv-02203-MEMF-AJR<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS [DKT NO. 13]** |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. Dkt. No. 13 ("Motion"). For the reasons stated herein, the Motion is GRANTED IN PART.

/ / /

## I. Background

### A. Factual Allegations[1]

Plaintiff Robert Loitman is a California resident and financial professional. *See* Compl. ¶ 2. Defendant Evolution Metals, LLC ("Evolution Metals") is a Delaware limited liability company, and Defendant David Wilcox is its managing member. *See id*. ¶¶ 4, 7(b)–(c). Evolution Metals and Wilcox are collectively referred to as "Defendants."

On August 24, 2024, Wilcox presented Loitman with a letter ("Letter"[2]) explicitly "confirming" his appointment as Chief Financial Officer ("CFO") of Evolution Metals beginning September 9, 2024, and promising that, upon the merger of Evolution Metals with Welsbach Technologies Metal Acquisition Corp. ("Welsbach"), Loitman would serve as CFO of the combined company—"EM&T"—with compensation including $5 million in equity and a $700,000 salary. *See id*. ¶ 14. The next day, Loitman signed the Letter. *See id*. Accordingly, Loitman began serving as CFO of Evolution Metals on September 9, 2024, and, at Wilcox's request, closed his consulting firm, L&O Consulting. *See id*. ¶¶ 16–17.

Loitman performed his duties without criticism for four months and was repeatedly told he was doing well. *See id*. ¶ 18. But on January 8, 2025, Evolution Metals terminated Loitman, citing unnamed "bankers" who had decided not to move forward with Loitman. *See id*. ¶ 19. Evolution Metals and Wilcox then attempted to pressure Loitman into signing an "Amended & Restated" letter ("Amended Letter") that downgraded Loitman's position from confirmed CFO of Evolution Metals

---

[1]All facts stated herein are taken from the allegations in Plaintiff's Complaint unless otherwise indicated. Dkt. No. 1 ("Compl."). For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

[2] The Letter is attached to Loitman's Opposition, *see* Dkt. No. 25-2, and discussed further below.

&T to merely a candidate for the role, while requiring Loitman to release all claims. *Id.* Loitman refused to sign the Amended Letter. *Id.*

**II. <u>Procedural History</u>**

On March 13, 2025, Loitman filed a the operative Complaint in this Court. *See generally* Compl. Loitman alleges four causes of action: (1) breach of contract against Evolution Metals; (2) breach of the implied covenant of good faith and fair dealing against Evolution Metals; (3) promissory estoppel against Evolution Metals; and (4) promissory estoppel against Wilcox. *See generally id.*

On May 5, 2025, Defendants Evolution Metals and Wilcox jointly filed a motion to dismiss Loitman's complaint. Dkt. No. 13 ("Motion"). On July 18, 2025, Loitman filed a memorandum of points and authorities in opposition to Defendants' motion to dismiss. Dkt. No. 25 ("Opp."). In his Opposition, Loitman attached the letter, Dkt. No. 25-2, and requested that this Court incorporate it by reference. Opp. at n.1. On July 25, 2025, Defendants filed their reply. Dkt. No. 28 ("Reply").

The parties, with this Court's permission, also filed limited supplemental briefs in support of their respective positions. See Dkt. No. 41 ("Supp. Opp."); Dkt. No. 43 ("Supp. Reply").

This Court found this matter appropriate for decision without a hearing. *See* Dkt. No. 36; *see also* L.R. 7-15.

**III. <u>Applicable Law</u>**

Rule 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* Labels, conclusions, and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee*, 250 F.3d at 679. But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. <u>Discussion</u>

Defendants move to dismiss on the ground that Loitman fails to properly state a claim for relief under any of his causes of action: breach of contract, breach of the implied covenant of good faith and fair dealing, or promissory estoppel. *See generally* Motion. For the reasons explained below, the Court finds that Loitman has properly pleaded his promisorry estoppel causes of action, but not any of the others.

### A. The Complaint fails to state a claim for breach of contract.

Under California law, a breach of contract claim has four elements: (1) the existence of a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. *D'Arrigo Bros. of Cal. v. United Farmworkers of Am.*, 169 Cal. Rptr. 3d 171, 179 (Ct. App. 2014).

Defendants contend that Loitman has failed to plead the first element—existence of a contract—and the third—a breach of that contract. Motion at 6–9.

i. *The Court will consider the Letter itself under the incorporation by reference doctrine.*

In their Motion, Defendants argue that the contract claim should be dismissed in part because Loitman fails to attach the Letter or properly plead its essential elements—including in particular a provision which purportedly states that it is not binding. Motion at 7–8. While Loitman disputes Defendants' characterization of the complaint and the Letter, in his Opposition, he does seek to have this Court incorporate the Letter by reference. *See* Opp. at 2 n.1; *see also* Dkt. No. 25-2 (Letter).

The incorporation by reference doctrine is appropriate where "the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998) (noting that the incorporation by reference doctrine covers extrinsic evidence provided by a defendant on a Rule 12(b)(6) motion), *superseded by statute on other grounds*; *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that the incorporation by reference doctrine allows a court take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading").

Although Defendants contend that Loitman's request is "gamesmanship," Defendants do not explain why incorporation by reference should not be permitted, nor explain what prejudice they will suffer if the Court considers the very Letter that they argue in their Motion the Court must consider. Accordingly, because both parties seek to have this Court incorporate and consider the Letter, and because the requirements of the doctrine of incorporation by reference are met, the Court will consider the Letter.

Given that the Court has granted Loitman's request to incorporate the Letter by reference, the Court need not further address the Defendants' argument that Loitman's complaint fails because he did not attach the Letter or properly plead its essential provisions.

ii. *Loitman fails to plausibly allege a breach.*

The key issue with respect to the breach of contract claim is whether the Letter can even support such a claim. Both parties agree—as they must—that the Letter discusses "confirm[ing]" Loitman's role as CFO and that it outlines his "expected" compensation package. But as Defendants point out—and Loitman must concede—the Letter also explicitly states as follows:

> This letter supersedes all verbal and written communication between us or any parties regarding your appointment and your role as CFO. This is not an Evolution Metals ployment agreement or Evolution Metals ployment contract, and is not legally binding in any way.

*See* Dkt. No. 25-2 at 2.

It is difficult to imagine a clearer way of stating that this Letter is not an enforceable contract. Despite this clear language, however, Loitman argues that this language is "absurd" and is at best ambiguous language that should be construed against the Defendants. Opp. at 7. Loitman presents this Court with no binding authority supporting either of these arguments. Under California law, this Court must "give effect to the parties' mutual intentions." *Minkler v. Safeco Ins. Co. of Am.*, 232 P.3d 612, 616, o*pinion after certified question answered sub nom. Minkler v. Safeco Ins. Co.*, 399 F. App'x 230 (9th Cir. 2010); *see also* Cal. Civ. Code § 1636 (noting that under statutory rules of contract interpretation, the mutual intention of parties at the time the contract is formed governs interpretation). Such an intent is to be inferred solely from the written provisions of the contract. *See* Cal. Civ. Code § 1638. Most importantly, "[i]f contractual language is clear and explicit, it governs." *Bank of the W. v. Superior Ct.*, 833 P.2d 545, 552 (Cal. 1992).

Here, the language is clear and explicit. It states that the Letter is not legally binding, and it therefore is not.

The Motion as to this claim is therefore GRANTED. Although the Court is to liberally grant leave to amend, Loitman has not described how he could amend this claim in a manner that would not be futile, given the Letter's unambiguous terms. Dismissal is therefore without leave to amend.

**B. The Complaint fails to state a claim for breach of the implied covenant of good faith and fair dealing.**

Under California law, the implied covenant of good faith and fair dealing "exists in every contract." *Hejmadi*, 249 Cal. Rptr. at 17. "The implied promise requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." *Egan v. Mut. of Omaha Ins. Co.*, 620 P.2d 141, 145 (Cal. 1979). "The covenant does not impose substantive terms beyond those of the contract." *Cordoba Corp. v. City of Indus.*, 303 Cal. Rptr. 3d 353, 363 (Ct. App. 2023). "A plaintiff claiming breach must allege the defendant's wrongful conduct was contrary to the contract's purpose and the parties' legitimate expectations." *Id.*

Defendants argue that the second claim fails for three independent reasons. First, they note that this claim "is entirely duplicative of the breach of contract claim," and that dismissal is therefore warranted. Motion at 13. Second, they contend that the Complaint "fails to identify any specific contractual benefit that was allegedly frustrated." *Id.* And third, they note that this claim "cannot be used to impose termination restrictions where, as here, the Evolution Metals ployment relationship is presumptively at-will." *Id.* at 14. For the reasons below, the Motion as to this claim is denied.

Because the Court finds that the Letter is not an enforceable contract, the Court also finds that it cannot support a claim for breach of the implied covenant of good faith and fair dealing. California law requires implied covenant plaintiffs to plausibly allege "something beyond breach of the contractual duty itself." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 399 (Ct. App. 1990). But here, the Court has found that there was no such contractual duty. Loitman has presented this Court with no authority which persuades this Court that an unenforceable contract could somehow support a claim for breach of the implied covenant of good faith and fair dealing.

For these reasons, the Motion to dismiss this claim is GRANTED. Although the Court is to liberally grant leave to amend, Loitman has not described how he could amend this claim in a manner that would not be futile, given the Letter's unambiguous terms.

**C. The Complaint plausibly states a claim for promissory estoppel against Evolution Metals and Wilcox.**

To state a promissory estoppel claim under California law, a plaintiff must allege (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance. *Sateriale v. R.J. Reynolds Tobacco Co.*, 698 F.3d 777, 729 (9th Cir. 2012).

The Complaint alleges similar promissory estoppel claims against each Defendant. It notes that Defendants "made promises to Plaintiff," that they did so "for the purpose of inducing Plaintiff to close his consultancy" and work at Evolution Metals, that Loitman relied on those promises to close his consultancy, and that his reliance was foreseeable as he was carrying out Defendants' specific instructions. *See* Compl. ¶¶ 33–44.

In the Motion, Defendants argue that the promissory estoppel claims fail for three independent reasons.[3] First, they explain that "Loitman fails to identify a clear and unambiguous promise." Motion at 16. Second, they argue that "any alleged reliance by Loitman was not reasonable as a matter of law." *Id.* at 18. And third, they note that the promissory estoppel claims merely duplicate the contract claim. For the reasons below, the Motion as to this claim is denied.

First, Loitman properly alleges that Defendants made him a clear promise. The alleged promises made to Loitman are those discussed in the Letter; consistent with the letter, the Complaint alleges that "Plaintiff had been promised the position with the merged company along with substantial compensation." Compl. ¶ 20. Defendants argue that the alleged promise fails because the

---

[3] This Court does not reach arguments raised for the first time on Reply—such as Defendants' arguments as to whether Wilcox was individually bound by the alleged promise. Reply at 10; *see also Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir. 2003); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir. 2003).

promise was conditioned on events that had not yet occurred—namely, the consummation of the merger. But this is not clear from the face of the Complaint, which makes no allegations as to the present status of the merger. So, to the extent that Defendants seek to have this Court rely upon extrinsic materials to exclude the cause of action, these arguments are improper at this early stage.[4] Nor does crediting the promise as alleged require this Court to "'determine the scope of the duty' and 'the limits of performance'" on the parties. Motion at 16 (quoting *Glen Holly v. Tektronic Inc.*, 343 F.3d 1000, 1017 (9th Cir. 2003). Such a reading would unnecessarily complicate the promise as alleged: simply put, that Loitman would serve as CFO for the post-merger entity. And *Laks v. Coast Fed. Sav. & Loan Assn.*, 131 Cal. Rptr. 836 (Ct. App. 1976), is factually distinguishable. There, the Court found that the offer was conditional, in the sense that "finalization of the [commitment's] terms w[ould] undoubtedly require further negotiations." *Id.* at 891. But it is not clear what, if any, further negotiations would remain after Loitman and Wilcox signed the Letter.[5] *J.B. Enterprises International, LLC v. Sid & Marty Krofft Pictures Corp.*, No. 02-7779, 2003 WL 21037837, at *4 (C.D. Cal. Mar. 3, 2003), appears inapposite for the same reason. To that end, this Court is unpersuaded that Loitman's alleged promises fail as a matter of law.

Second, Loitman's Complaint plausibly alleges that Loitman's reliance was reasonable. Per the Complaint, "Wilcox told Plaintiff that in order to move forward with his position at Evolution Metals , he would need to close down his consulting firm. In compliance, Plaintiff closed his consultancy." Compl. ¶ 16. Defendants argue that reliance is "not reasonable when the underlying promise is conditional [or] vague," but as this Court has already addressed, the Complaint

---

[4] In so concluding, this Court need not reach Defendants' alternate argument, discussed in the supplemental briefing, that this claim fails because the condition precedent—that is, the finalization of the EM&T merger—had not yet occurred at the time of the Complaint's allegations. In any event, as Loitman argues and Defendants do not dispute, the merger has now been completed. *See* Supp. Opp. at 1. To that end, the argument appears moot at this time.

[5] While it is not clear from the face of the Complaint what the status of the merger is, the Complaint does clarify that the merger had been approved and had a projected closing date that has already passed. *See* Compl. ¶ 17.

sufficiently states a clear and unambiguous promise. Defendants also argue that reliance is not reasonable when the underlying promise is "subject to termination," citing *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 317 (9th Cir. 1996). But the cited portion of *Rennick* does not appear to support the idea that a promise subject to termination cannot form the basis of promissory estoppel. Indeed, to adopt such a rule of law would render it nearly impossible for any Plaintiff to allege reasonable reliance upon an offer of Evolution Metals ployment—a proposition that Defendants do not substantiate. Indeed, Plaintiff's citation to *Sheppard v. Morgan Keegan & Co.* is instructive on this point: "the Evolution Metals ployer's conduct was governed by the doctrine of promissory estoppel, under which the [offeree] had a right to assume that he would be given a good-faith opportunity to perform his duties to the Evolution Metals ployer's satisfaction once he was on the job." 266 Cal. Rptr. 784, 787 (Ct. App. 1990). To that end, Defendants fail to show that the Complaint's description of reliance is unreasonable as pleaded.

Third, Defendants argue that the promissory estoppel claims are, "on the face of the Complaint, wholly predicated on alleged promises contained within the Letter." Motion at 19. They assert that California law "bars the use of promissory estoppel as a backdoor to impose liability for a contract that is either unconditional or unenforceable." *Id.* Because of this, they ask this Court to "treat the estoppel claim as superfluous." *Id.* To the extent that Defendants argue that Loitman cannot proceed with a breach of contract claim and a promisorry estoppel claim based upon the same purported contract, this argument fails given that the Court is dismissing the breach of contract claim. To the extent that Defendants argue that a promisorry estoppel claim cannot be based upon a contract that is determined to be unenforceable, they have presented no binding authority for that. [6]

For all these reasons, the Motion as to this basis is denied.

---

[6] Defendants cite to *Walnut Creek Pipe Distributors, Inc. v. Gates Rubber Co. Sales Div.*, 39 Cal. Rptr. 767 (Ct. App. 1964) for this, but *Walnut Creek* concerns an implied contract claim, not a promisoory estoppel claim. *Id.* at 772.

## V. **Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendants' Motion is GRANTED IN PART.
    a. The first cause of action-- breach of contract against Evolution Metals—is DISMISSED WITHOUT LEAVE TO AMEND;
    b. The second cause of action—breach of the implied covenant of good faith and fair dealing against Evolution Metals—is DISMISSED WITHOUT LEAVE TO AMEND;
    c. The Motion as to all other causes of action is DENIED.
2. The Court is in receipt of the parties' submissions regarding discovery. Dkt. Nos. 44, 45. Having ruled on the Defendants' Motion, the Court will issue an order setting scheduling conference forthwith.

IT IS SO ORDERED.

Dated May 26, 2026.

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge